JOSÉ LUIS VENDRELL PÉREZ VALDIVIESO, Plaintiff and Appellant, *v.* BERNARDO TORRES AGUILÓ and AGUSTINA PAGÁN VALENTÍN, Defendants and Appellees; SUCESORES DE TRUJILLO & SUBIÑÁ, Interveners.

No. 235. Decided June 29, 1962.

---

*R. Muñoz Ramos* and *I. Acevedo de Campos* for appellant and petitioner. *José Guillermo Vivas Rosaly* for interveners.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Dávila.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

A certain real property was encumbered by two mortgages. The first, a preferred lien, secured the price deferred by the vendee in the contract of purchase. The second was constituted subsequent thereto to secure a promissory note to the bearer. The same day the second mortgage was constituted—November 6, 1957—the promissory note was delivered to Sucrs. de Trujillo y Subiñá, Inc. to secure certain obligations of the vendee with that corporation. This deed was recorded on November 12, 1957. The sum secured by the first mortgage was not paid. An ordinary mortgage foreclosure proceeding was brought in November 1958 to recover the same.[1] Judgment having been rendered and not satisfied, the real property was sold at public auction to satisfy the same.

The edict announcing the sale at public auction of the said real property did not contain any notice to the holder of the promissory note secured by the second mortgage. The auction was held and the real property was awarded to the mortgagee who had sued for collection of his credit. Upon presenting the deed of judicial sale in the registry, the registrar stated in the entry that the property was encumbered by the mortgage which secured the promissory note to the bearer. Thereupon the senior creditor filed a motion within the main action seeking the cancellation of the second mortgage. He alleged that since "the property was adjudicated... for the debt outstanding on the date of the public sale since the senior

---

[1] Although the complaint was entitled recovery of money, the fact is that it was an ordinary foreclosure proceeding seeking the sale of the property at public auction to pay off the mortgage.

mortgage credit had not exceeded the value of the thing sold," he requested that pursuant to the provisions of art. 125 of the Mortgage Law and art. 132 of the Regulations there "should be issued proper judicial order directing the registrar of property to proceed to cancel the second mortgage which encumbers the property and which was constituted to secure the payment of the said promissory note to the bearer." The trial court rejected the claim on the ground that the holder of the promissory note secured by the second mortgage was not notified of the public auction ordered by the court. We agreed to review such action.[2]

The property having been adjudicated in payment of the credit securing the first mortgage without exceeding the amount of the latter, the junior liens should be cancelled. Actually, the mortgage provisions invoked by the appellant so provide. However, in *Montes de Oca* v. *Báez et al.*, 23 P.R.R. 656 (1916), we have held that notice of the sale to the junior creditors secured by the mortgage is indispensable in order that the cancellation be made. To that effect, we said at p. 661:

"If the ordinary or common proceeding for the recovery of a mortgage credit is followed, the Act of March 9, 1905, relating to judgments and the manner of satisfying them is silent as to junior mortgagees, but its silence cannot be construed as authorizing compliance with article 125 of the Mortgage Law in regard to them if they have received no notice of the sale. They are interested in the sale because they have a real right in the property to be sold and it is to their interest that the highest price be obtained. Previous notice is indispensable in order that the cancellation be made after due process of law."

See RAMOS FOLQUÉS, *El Problema de la Notificación a los Anotantes Posteriores*, 26 *Revista Crítica de Derecho Inmobiliario* 609 (1953).

---

[2] We will consider the writ of review issued as a writ of certiorari. The action sought to be reviewed is an order entered subsequent to the judgment.

It may be noted that such notice was not given herein. The appellant now maintains that such notice was not required in this case. His theory is that "since the promissory note securing the second mortgage was never negotiated, there is no mortgagee of this second mortgage because, since the owner of the promissory note is the debtor himself and since the debtor and the creditor can not coexist in the same person, it is not necessary to give notice to a junior creditor who has no legal existence." And since § 1768 of the Civil Code, 31 L.P.R.A. § 5027, provides that "as long as the thing given in pledge is not taken by eminent domain, the debtor continues to be the owner thereof," the situation does not change and there is no mortgagee to whom notice of the sale must be given.

██ The appellant's theory rests on a false premise: that the promissory note was not negotiated. The promissory note was delivered to the corporation Sucesores de Trujillo y Subiñá the same day it was drawn and secured by mortgage. The promissory note was transferred to secure a debt which exceeded the amount of the promissory note. Section 31 of the Negotiable Instruments Act, 19 L.P.R.A. § 61, provides that "an instrument is negotiated when it is transferred from one person to another in such a manner as to constitute the transferee the holder thereof. If payable to bearer... it is negotiated by the indorsement of the holder completed by delivery." The fact that in the instrument agreeing to transfer the promissory note to the corporation it was stated that it was given in pledge, does not alter the situation. Technically, according to the provisions of § 1768, the owner of the promissory note was the drawer, but the mere delivery thereof to secure a debt had placed it in circulation and a negotiable instrument with value had emerged to legal life. If this were not so, it would have no value for the person receiving the same as security and the legal provisions authorizing the drawing of promissory notes to the bearer would be futile.

Such is the plaintiff's claim in this case. He maintains that he can sell publicly the property encumbered and which secures the promissory note without notifying the holder thereof of the sale. The contract of pledge securing a mortgage note constitutes a juridical business and by its nature the pledgee acquires a special interest in the note itself.

 Having recognized the special interest of the holder of a promissory note given in pledge, he is certainly entitled to notice of the sale at public auction of the real property which secures the promissory note in his possession. Otherwise the security would be illusory.

The writ will be quashed and the order entered by the Superior Court, Ponce Part, on October 15, 1959 will be affirmed.